# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENELL CAVER, | Case No. 1:11-cv-01025-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL AND FOR SANCTIONS |
| v. | (Doc. 43) |
| E. GOMEZ, et al., | |
| Defendants. | |

## I. Background

Plaintiff Denell Caver, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2011. This action is proceeding on Plaintiff's second amended complaint, filed on April 10, 2012, against Defendants Gomez, Stark, and Garcia for acting with deliberate indifference to Plaintiff's safety, in violation of the Eighth Amendment.

On November 8, 2013, Plaintiff filed a motion to compel and for sanctions. Fed. R. Civ. P. 37(a). Defendants Gomez and Stark filed an opposition on November 20, 2013, Plaintiff filed a reply on December 9, 2013, and the motion has been submitted upon the record without oral argument.[1] Local Rule 230(*l*).

---

[1] The United States Marshal is still trying to locate and either obtain a waiver from or personally serve Defendant Garcia. (Doc. 37.)

Plaintiff challenges Defendant Gomez's response to interrogatory number 1, in which Plaintiff asked whether Defendant Gomez was acting as a sergeant on Facility B at Kern Valley State Prison on December 14, 2010, and December 15, 2010. Defendant Gomez responded that he was not working on December 14, 2010, but he was the third watch Facility B sergeant on December 15, 2010. This response in turn affected Defendant Gomez's responses to interrogatories 3 through 11. Plaintiff contends that Defendant Gomez is lying and he seeks an order compelling Defendant Gomez to answer truthfully.

Defendant Gomez opposes the motion on the grounds that he provided complete responses under penalty of perjury; Plaintiff does not challenge his objections; and Plaintiff merely disagrees with the answers provided.[2,3]

In reply, Plaintiff requests an order compelling the production of Defendant Gomez's work records for December 2010.

## II.     Interrogatory Standard

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding

---

[2] Defendants' argument that Plaintiff failed to meet and confer with them prior to filing a motion to compel lacks merit in light of the Court's discovery and scheduling order relieving the parties of this requirement. (Doc. 20, Order, ¶5.)

[3] Defendants correctly point out that Plaintiff did not include a complete copy of the interrogatories with his motion. Plaintiff corrected the deficiency in his reply and given the denial of his motion to compel, Defendants are not prejudiced by the resolution of Plaintiff's motion notwithstanding the existence of this deficiency.

party has a duty to supplement any response if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### III.     Discussion and Order

Plaintiff's motion to compel and for sanctions is denied on the ground that Plaintiff has failed to demonstrate entitlement to the relief sought. Fed. R. Civ. P. 37(a). Defendant Gomez provided a complete response, signed under penalty of perjury. Fed. R. Civ. P. 33(b)(3). In the absence of evidence that Defendant Gomez's response is untruthful, Plaintiff is required to accept the answer given; neither his mere disagreement with nor his mere disbelief in the answer entitles him to an order compelling a different response or for sanctions. Fed. R. Civ. P. 37(a).

Plaintiff is also not entitled to an order compelling the production of Defendant Gomez's work records for December 2010. Plaintiff did not seek that relief in his motion, and there is no indication in the reply that he served Defendant Gomez with a request for the production of those documents and a ripe dispute exists, which is a necessary underpinning to a motion to compel.[4]

Accordingly, based on the foregoing, Plaintiff's motion to compel and for sanctions is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 16, 2013**            /s/ Sheila K. Oberto
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[4] In his opposition, Defendant Gomez states that Plaintiff served a request for the production of documents, but the deadline to respond has not expired.