# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENELL CAVER, | Case No. 1:11-cv-01025-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS |
| v. | (Docs. 48 and 49) |
| E. GOMEZ, et al., | |
| Defendants. | |

## I. Background

Plaintiff Denell Caver, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2011. This action is proceeding on Plaintiff's second amended complaint, filed on April 10, 2012, against Defendants Gomez, Stark, and Garcia for acting with deliberate indifference to Plaintiff's safety, in violation of the Eighth Amendment.

Pursuant to the scheduling order filed on April 23, 2013, the deadline for the completion of all discovery between Plaintiff and Defendants Gomez and Stark was December 23, 2013.[1] On December 23, 2013, Plaintiff filed a timely motion to compel and a motion for sanctions. Fed. R. Civ. P. 37. Defendants Gomez and Stark filed oppositions on January 8, 2014, and Plaintiff filed a reply on January 21, 2014. The motions have been submitted upon the record without oral argument and for the reasons which follow, they are denied. Local Rule 230(*l*).

---

[1] Defendant Garcia did not file an answer until December 23, 2013, and he is subject to a separate scheduling order.

**II.     Discussion**

    **A.     Motion to Compel**

Plaintiff seeks an order compelling staff at Kern Valley State Prison to produce the Facility B, Third Watch, Post Order for December 14, 2010, pertaining to sergeants. However, Plaintiff neither served a subpoena for the production of the document on Kern Valley State Prison, Fed. R. Civ. P. 45, nor served Defendants with a request for the production of the document, Fed. R. Civ. P. 34. As a result, there exists no basis for an order compelling production of the document, and Plaintiff's motion to compel is denied. Fed. R. Civ. P. 37(a)(3)(B); Fed. R. Civ. P. 45.

    **B.     Motion for Sanctions**

Plaintiff's motion for sanctions was served on December 10, 2013, before Plaintiff received the Court's order of December 17, 2013, denying his previous motion to compel and for sanctions.

As set forth in the order of December 17, 2013, Plaintiff may not seek sanctions based on his mere disagreement with Defendants' discovery responses. Fed. R. Civ. P. 37; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001). The parties disagree whether Defendant Garcia worked on December 14, 2010. Defendant's position is that he did not work on that date and he provided a document supporting his position. Plaintiff's position is that Defendant worked on that date and the document produced is fraudulent. This factual dispute provides no basis for the imposition sanctions against Defendant, however.

Plaintiff has not produced any evidence in support of his bare assertion that the document was falsified and/or that Defendant is being untruthful. *See Prof'l Seminar Consultants, Inc. v. Sino American Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1473-74 (9th Cir. 1984) (entry of default appropriate sanction where court found that defendants willfully, deliberately, and intentionally produced false documents). Plaintiff's opinion or belief is not evidence and although he is not required to agree with Defendant, he is required to accept the response, given the circumstances.

///

///

**III.    Order**

Based on the foregoing, Plaintiff's motions to compel and for sanctions, filed on December 23, 2013, are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 24, 2014**                     **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE