1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10   DENELL CAVER,                                       Case No.  1:11-cv-01025-AWI-SKO (PC)

11          Plaintiff,                                   ORDER DENYING MOTION TO COMPEL
                                                         RESPONSES TO PODS 3 AND 4, WITHOUT
12       v.                                              PREJUDICE TO RENEWAL WITHIN
                                                         THIRTY DAYS, ACCOMPANIED BY
13   E. GOMEZ, et al.,                                   DEFENDANT GARCIA'S RESPONSES

14          Defendants.                                  (Doc. 64)

15
_____/
16

17          Plaintiff Denell Caver, a state prisoner proceeding pro se and in forma pauperis, filed this

18   civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2011.  This action is proceeding on

19   Plaintiff's second amended complaint, filed on April 10, 2012, against Defendants Gomez, Stark,

20   and Garcia for acting with deliberate indifference to Plaintiff's safety, in violation of the Eighth

21   Amendment.

22          The deadline for the completion of all discovery between Plaintiff and Defendant Garcia

23   was July 15, 2014, and on June 2, 2014, Plaintiff filed a timely motion to compel Defendant

24   Garcia to respond to the interrogatories and requests for the production of documents ("PODs")

25   served by Plaintiff on April 1, 2014.  (Docs. 62, 64.)  On June 9, 2014, based on receipt of

26   Defendant Garcia's responses on May 28, 2014, Plaintiff filed a notice of withdrawal of his

27
28

1   motion to compel as to all discovery requests except for PODs 3 and 4.[1]  Defendant Garcia filed

2   an opposition on June 30, 2014, and Plaintiff filed a reply on July 21, 2014.

3          The discovery process is subject to the overriding limitation of good faith.  *Asea, Inc. v.*

4   *Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation

5   omitted).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

6   party's claim or defense, and for good cause, the Court may order discovery of any matter relevant

7   to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

8   Relevant information need not be admissible at the trial if the discovery appears reasonably

9   calculated to lead to the discovery of admissible evidence.  *Id.* (quotation marks omitted).

10         Generally, "[t]he party opposing discovery bears the burden of resisting disclosure,"

11  *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as

12  this, the parties were relieved of the meet and confer requirement and the requirement that they

13  file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1);

14  Local Rule 251.  As a result, Plaintiff bears an initial procedural burden in moving to compel.

15  Fed. R. Civ. P. 7(b)(1).  Plaintiff must identify which discovery requests are at issue and why he is

16  entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack

17  merit).  *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal.

18  Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010

19  WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC,

20  2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

21         In this case, Plaintiff identified the PODs at issue but he did not provide a copy of

22  Defendant Garcia's responses.  Without that information, the Court cannot determine whether

23  Plaintiff is entitled to the relief he seeks.

24         Defendant Garcia addressed this procedural deficiency in his opposition, and in reply,

25  Plaintiff provided a copy of Defendant's response to interrogatory 8, which Plaintiff contends

26  supports his need for the documents sought.  Plaintiff did not, however, provide Defendant

27

28  [1] If Plaintiff served his discovery requests on April 1, 2014, the deadline for Defendant Garcia to serve his responses
    was May 19, 2014.  Fed. R. Civ. P. 6(d); Disc./Sched.Order, ¶2.

1  Garcia's responses to PODs 3 and 4, and the absence of the responses in the record precludes the

2  Court from determining the sufficiency of Defendant's responses and/or objections.

3       The Court is vested with broad discretion to manage discovery and under the

4  circumstances, which include the timeliness of the motion to compel, Plaintiff's pro se status, and

5  Defendant's unavailing relevancy argument, Plaintiff shall have thirty days to renew his motion to

6  compel responses to PODs 3 and 4, supported by a copy of Defendant's responses. *Hunt v. Cnty.*

7  *of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

8       Accordingly, based on the foregoing, Plaintiff's motion to compel responses to PODs 3

9  and 4 is HEREBY DENIED, without prejudice to renewal within **thirty (30) days**, accompanied

10  by a copy of Defendant Garcia's responses to PODs 3 and 4.

11

12

13  IT IS SO ORDERED.

14    Dated:   **July 28, 2014**              **/s/ Sheila K. Oberto**
                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28