# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENELL CAVER, | Case No. 1:11-cv-01025-AWI-SKO (PC) |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTENDANCE OF INMATE WITNESSES PERRY TALLEY AND JAMI JOHNSON |
| v. | |
| E. GOMEZ, et al., | (Doc. 99) |
| Defendants. | |

Plaintiff Denell Caver ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2011. This action is proceeding on Plaintiff's second amended complaint, filed on April 10, 2012, against Defendants Gomez, Stark, and Garcia ("Defendants") for acting with deliberate indifference to Plaintiff's safety, in violation of the Eighth Amendment of the United States Constitution. This case is set for jury trial on February 9, 2016, and on September 14, 2015, Plaintiff filed a timely motion seeking the attendance of two inmate witnesses. The deadline to oppose the motion was November 30, 2015, and Defendants did not file an opposition. (Doc. 94, 2nd Sched. Order.)

Plaintiff has submitted his declaration and the declarations of proposed witnesses Perry Talley, CDCR #D-91162, and Jami Johnson, CDCR #G-20888.[1] The declarations state that Talley

---

[1] Plaintiff identified this witness as Jamis Johnson. However, the Court takes judicial notice of the fact that California Department of Corrections and Rehabilitation identification number G-20888 is assigned to inmate Jami Terrel Johnson. Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

and Johnson were eye and ear witnesses to the relevant events on December 14, 2010, and December 15, 2010, at Kern Valley State Prison.  Talley, who remains incarcerated at Kern Valley State Prison, was housed in the cell next to Plaintiff.  Johnson, who is currently incarcerated at R. J. Donovan Correctional Facility in San Diego, was Plaintiff's cellmate.   Plaintiff has demonstrated that the witnesses' presence will substantially further the resolution of the case and there is no evidence in the record weighing against their presence based on security risks presented; the expense of their transportation and safekeeping; or the ability to stay the case until their release, without prejudice to the cause asserted.  *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).  Moreover, "[b]oth sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice."  *Barnett v. Norman*, 782 F.3d 417, 422 (9th Cir. 2015).  "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status."  *Barnett*, 782 F.3d at 422.  Based on the showing made by Plaintiff, he shall be permitted to call Talley and Johnson to testify on his behalf at trial.

Accordingly, Plaintiff's motion for the attendance of inmate witnesses Perry Talley and Jami Johnson, filed on September 14, 2015, is HEREBY GRANTED.[2]

IT IS SO ORDERED.

Dated:   December 3, 2015                            _____
                                                       SENIOR  DISTRICT  JUDGE

---

[2] Writs directing the transportation of Plaintiff, Talley, and Johnson for trial will be issued in due course.